

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Marvin Post
County Auditor
Yoakum County
Plains, Texas

Dear Sir:

Opinion No. 0-4649
Re: May ex officio salaries of
various county officials be
set at any time of the year,
provided a public hearing is
had, or must they be set in
January, and a related ques-
tion?

Your letter of June 12, 1942, requesting the opin-
ion of this department on the questions therein stated, reads
as follows:

"May ex-officio salaries of various county
officials be set at anytime of the year, provided
a public hearing is had, or must they be set in
January?

"If set in January, then may the ex-officio
salary of any one official, or all, be increased
or decreased at a later date in the year, provid-
ed there is a public hearing?"

Article 3895, Vernon's Annotated Civil Statutes,
provides:

"The Commissioners' Court is hereby debarred
from allowing compensation for ex-officio services
to county officials when the compensation and ex-
cess fees which they are allowed to retain shall
reach the maximum provided for in this chapter. In
cases where the compensation and excess fees which
the officers are allowed to retain shall not reach

Honorable Marvin Post, Page 2

the maximum provided for in this chapter, the Commissioners' Court shall allow compensation for ex officio services when, in their judgment, such compensation is necessary, provided, such compensation for ex officio services allowed shall not increase the compensation of the official beyond the maximum of compensation and excess fees allowed to be retained by him under this chapter. Provided, however, the ex officio herein authorized shall be allowed only after an opportunity for a public hearing and only upon the affirmative vote of at least three members of the Commissioners' Court."

(In connection with the foregoing statute, see Article 3932 and Article 3934, Vernon's Annotated Civil Statutes.)

Any authority the Commissioners' Court has to allow, change or modify compensation for ex officio services must be derived from the above mentioned statutes and the amendments thereto, and the construction given said articles by the courts of this State. We quote from Texas Jurisprudence, Volume 34, page 527, as follows:

". . . Where the commissioners' court has power to fix the compensation of an officer, it may change the amount at any time, even during his term of office. That its orders fixing the compensation for officers for ex officio services are not contracts or judgments against the county, and may be changed, modified, repealed or revoked at any time before the money has actually been paid out to the officer. . . ."

We quote from the case of Collingsworth County v. Myers, 35 S. W. 414, as follows:

". . . We are of the opinion that, in auditing and fixing the amounts to be paid such officers for ex officio services, the commissioners' court acts in a legislative capacity more than in a judicial, and that such orders are not judgments against the county, and that, whenever the commissioners conclude, for any reason, that such allowances are too great or too small, they have the right and power, at any time before the money is actually paid over to the officer, to change, modify, or even entirely repeal or revoke, the order. . . ."

Honorable Marvin Post, Page 3

The law prescribes no time when the Commissioners' Court may fix the ex officio compensation of county officials; nor is there any inhibition to the changing the amount thereof whenever the Commissioners' Court concludes, for any reason, that such allowances are too great or too small. They have the right and power, at any time before the money is actually paid out to the officer, to change, modify, or even entirely repeal or revoke the order allowing ex officio compensation, provided, the compensation for ex officio services allowed shall not increase the compensation of the official beyond the maximum of the compensation and excess fees allowed to be retained by him by law.

In view of the foregoing, in answer to your first question, you are respectfully advised that it is our opinion that compensation for ex officio services of the county officials may be set at any time, in compliance with the above mentioned statutes.

With reference to your second question, you are advised that whenever the Commissioners' Court concludes, for any reason, that such allowances are too great or too small, they have the right and power, at any time before the money is actually paid out to the officer, to change, modify, or even entirely repeal or revoke the order allowing such compensation.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED JUN 25, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

By

Ardell Williams
Assistant

AW:CO



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN